UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

KAREN SOUTH )
)
v. ) NO. 2:05-CV-199
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

## MEMORANDUM OPINION

The plaintiff Karen South has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income and disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. South was born in 1962 and was 42 years old at the time of her administrative hearing. [Tr. 346]. She graduated high school and has relevant past work experience as a cashier and daycare center operator. [Tr. 14, 346]. Ms. South alleges she is disabled as of September 19, 2002, from gout, diabetes, high blood pressure, herpes simplex on her face, kidney stones, back pain, and arm pain. [Tr. 14]. Based upon a finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. South was not disabled as defined by

the Social Security Act. [Tr. 17].

At Ms. South's administrative hearing held on July 26, 2004, the testimony of Ms. South and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 345-62]. Ms. South testified she previously worked as a cashier in various types of stores as well as a home daycare provider. [Tr. 346]. She indicated her insulin-dependent diabetes was her most serious problem that interfered with working. [Tr. 347]. She has blurred vision, neuropathy in her feet, gout, kidney stones, and protruding disks in her neck and lower back. [Tr. 347-49, 351-52]. She also indicated she is depressed and has weekly crying spells. [Tr. 348]. Ms. South also has at least four to five herpes outbreaks each month. [Tr. 348-49]. She is able to drive a car but mainly stays at home. [Tr. 349].

Vocational expert Dr. Norman Hankins testified next. [Tr. 359-62]. He classified Ms. South's past relevant work as a cashier as semi-skilled and light and her past relevant work as a daycare center operator as skilled and light to medium. [Tr. 359]. The ALJ then asked him to assume a woman of Ms. South's height, weight, education, and work background who is restricted to light work activity and also has an emotional disorder that restricts her ability to perform some work-related activities. [*Id.*]. In addition, such a person has herpes simplex on her face which limits her ability to work in jobs that require direct contact with food and people. [Tr. 359-60].

2

According to the vocational expert, such a person could work as an office cleaner, motel cleaner, hand packer, assembler, inspector, checker, sorter, and night watchman. [Tr. 360, 362].

The ALJ ruled that Ms. South was not disabled because her severe impairments of diabetes, back pain, herpes simplex, gout, and anxiety/depression were not severe enough to warrant a finding of disability. [Tr. 17]. The ALJ then found Ms. South retained the residual functional capacity [RFC] to perform light work consistent with an emotional disorder that accommodated possible persistence problems and an inability to work in direct contact with people and food. [Tr. 17, 240]. With those limitations, Ms. South could perform work that exists in significant numbers in the national economy. [Tr. 18-19].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the

evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. South requests a judgment on the pleadings and challenges the ALJ's finding that her subjective allegations of disabling pain and other symptoms were not credible or supported by the evidence. The ALJ focused his credibility determination on Ms. South's self-reported activities of watching television, preparing meals, reading, visiting with her mother, grocery shopping, driving, dusting, vacuuming, washing dishes, doing laundry, and caring for herself. [Tr. 17]. The ALJ noted that performing these activities "does not indicate pain of such a severity" as alleged. [*Id*.]. The ALJ's credibility determination was made with substantial evidence. Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Ms. South also contends the ALJ failed to consider her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. South's impairments in his decision. [Tr. 17]. The ALJ focused her RFC on, *inter alia*, her herpes simplex and anxiety/depression. [*Id*.]. Finally, the

4

hypothetical questions the ALJ asked the vocational expert also focused on Ms. South's herpes simplex and anxiety/depression, *inter alia*. [Tr. 359-60]. Based on the Sixth Circuit framework, the ALJ considered Ms. South's impairments in combination.

Finally, Ms. South argues the ALJ erred by finding that she retained the RFC to perform a significant range of light work. The ALJ determined Ms. South could perform light work consistent with an emotional disorder that accommodated possible persistence problems and an inability to work in direct contact with people and food. [Tr. 17, 240]. This determination was consistent with the results of medication examinations of Ms. South. For example, Karl Konrad, M.D., Ph.D., examined Ms. South in July 2003 and concluded she could occasionally lift/carry 25 pounds, frequently lift/carry 10 pounds, and stand/walk/sit for six hours out of an eight-hour workday. [Tr. 236]. In August 2003, Diane Whitehead, Ph.D., examined Ms. South and found that she might have persistence problems in the workplace because of concerns over her health. [Tr. 240]. Finally, in September 2003, Ms. South was examined by a state agency physician who concluded she could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, and stand/walk/sit for six hours out of an eight-hour workday. [Tr. 243]. Given the above medical evidence, the ALJ's RFC finding was made with substantial evidence.

5

After careful consideration of the entire record of proceedings related to this case, Ms. South's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

       s/Thomas Gray Hull
      THOMAS GRAY HULL
        SENIOR U. S. DISTRICT JUDGE